## CARRINGTON *v.* BROOKS.

1. When a party to a suit has been served with a notice to produce a writing
   which is material evidence in the case, but makes no response, and the
   adverse party makes the affidavit or his counsel the statement in his place
   required by the Civil Code, § 5253, the adverse party may move for an order
   requiring the production of the paper, and the refusal of the court to grant
   such order is error.
(a) Such refusal by the court is reviewable in a motion for a new trial.
(b) A notice to produce is not defective in that it does not specifically call for
   the production of the paper from "term to term," and the party served
   therewith is not relieved from compliance with the notice because the trial
   occurs at a term subsequent to the term at which such party was notified to
   produce the paper.
2. The various charges complained of substantially stated the law upon the
   merits of the case.
3. Questions presented by an assigment of error, but relating to matters which
   can be of no practical importance on another hearing of a case, will not be
   specifically dealt with by this court in the event the judgment of the lower
   court is reversed on other grounds which are controlling.

Argued October 26,—Decided November 11, 1904.

Action for damages.     Before Judge Proffit.     City court of
Elberton.     January 22, 1904.

*J. N. Worley* and *G. C. Grogan,* for plaintiff in error.
*W. D. Tutt & Son* and *I. C. Van Duzer,* contra.

EVANS, J.     This was a suit to recover damages resulting from
the backing of water by a mill-dam maintained by the defendant.

The allegation was, that, while the dam had been in existence for many years, the water had formerly been taken from the bottom of the pond by means of a race, and that the·defendant had in later years altered the mode of using the water by taking the water from the top of the pond, the effect of this change being to fill the bed of the creek with sand and cause the water to overflow and percolate the land of the plaintiff, rendering it unfit for cultivation.  The defendant denied all injury to the plaintiff's land, and contended that he had a right to maintain the dam at the height at which it had stood ever since its erection.  The jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial.  This motion was overruled, and the defendant brought the case here for review.

1. Error is assigned, in the motion for a new trial, on the refusal of the court to require of the plaintiff the production of a deed from defendant to plaintiff, executed about two years previous to date of the notice to produce, conveying the Cason King mill property, which embraced the dam alleged to have caused the injury to plaintiff's land.   Service of the notice to produce was acknowledged, and counsel for the defendant in his place made the statement required in the Civil Code, § 5253.   It does not appear that the plaintiff made any response to the notice. The court refused to require of plaintiff the production of the deed.   Counsel for the defendant in error raises the point that if the refusal of the court to require the plaintiff to produce the documentary evidence was error, it should have been taken advantage of by exceptions pendente lite, and could not be reviewed by a motion for a new trial.   It was early decided that the overruling of a demurrer to a declaration is not ground for a new trial, even if the overruling be wrong.   *Griffin* v. *Justices,* 17 *Ga.* 96.   The reason why the attack on a judgment overruling a demurrer to a petition should be by direct exceptions is that it would be folly to move for a new trial before a jury on a ground that the court passes on before any jury is had and that the jury has nothing to do with.   *DeBarry–Baya Merchants Line* v. *Austin,* 76 *Ga.* 306.   But any ruling by the court in the progress of the trial, or at the trial term upon a matter which is comprehended in the scope of the verdict, may be urged in a motion for a new trial.   Thus the refusal to continue a case because of the

absence of a material witness may be taken advantage of by motion for a new trial. The forcing of a party to trial without his having all his evidence deprives him of evidence which may have required a different result. The production in court of material documentary evidence in the possession of a third person not a party to the suit is accomplished by subpœna duces tecum; and if a refusal to continue because of the absence of the witness or his failure to bring the requested paper is reviewable on motion for a new trial, why not the refusal of the court to compel the production of a paper in the possession of the opposite party, when he has been served with a notice to produce it? On principle there can be no distinction.

Did the court err in refusing to compel the plaintiff to produce the deed? We think he did. The deed was material evidence to show that the plaintiff had purchased the mill property of the defendant two years prior to the institution of the suit; and if plaintiff was entitled to recover, he could not recover for the years he had maintained the dam. The notice to produce was in the usual form, and service was acknowledged by the plaintiff's attorneys more than ten days before the trial. The defendant's attorney stated in his place that he had reason to believe that the paper required was in existence and in the possession, power, or control of the plaintiff, and that it was material to the issue. The defendant had complied with all the prerequisites for an order from the court requiring the production of the paper. *Hamby Mountain Gold Mines* v. *Findley*, 85 *Ga.* 431; *Parish* v. *Machine Co.*, 79 *Ga.* 682. It is stated in the brief of the defendant in error that the notice was defective in that it did not require the production of the paper from "term to term," and as the trial was had at the term subsequent to the term at which the plaintiff was asked to produce the deed, his obligation to produce the paper ceased with the term stated in the notice. This was not a good objection. When the notice was served the plaintiff was bound to produce the deed at the trial, if it was in his possession, and it would be immaterial whether the trial occurred at the term succeeding the service of the notice or at a subsequent term. The refusal of the court to require of the plaintiff the production of the deed deprived the defendant of material evidence, and this error necessitates the reversal of the judgment denying a new trial.

2. Various excerpts from the charge are criticised in the motion. These complaints go ·to the merits of plaintiff's right to recover. The substance of the court's instruction was, that although the dam may have remained unchanged in height for twenty years, yet if during that time, by reason of a change in using the water, it caused the filling up ·of the bed of the stream with sand, injuring and damaging the plaintiff's land by percolation and seeping of the water, this· was an invasion of his land and he had the right to recover for any injury that occurred to him within four years preceding the bringing of the action. The charges were without substantial error. *Athens Manufacturing Co.* v. *Rucker,* 80 *Ga.* 291. The defendant acquired no .prescriptive right to flood his neighbor's land or to injure it by charging and saturating the soil without overflowing it, merely because of the fact that the dam had been maintained for twenty years and the height of the water at the dam had not increased. Defendant's prescription, as a right to overflow a stranger's land or to injure it by the percolation of the water, depends not on the height of the dam, but upon the reach and elevation of the back water during the period he maintained it. *Ellington* v. *Bennett,* 59 *Ga.* 286.

3. The foregoing deals with the main questions involved in the case; and it is not necessary to discuss other grounds of the motion, complaining of the exclusion of certain parol evidence offered for. the purpose of showing that the defendant had parted with the title and possession of the mill property, as these grounds relate to a matter of proof which will not probably arise on the next trial. *Judgment reversed. All the Justices concur.*