## CRAWFORD et al., administrators, v. WILSON.

1. By the Civil Code (1910), § 2182, it is declared that transient persons whose business or pleasure causes a frequent change of residence, and who have no family permanently residing at one place in this State, shall be held and deemed, as to third persons, to be domiciled at such place as they at the time temporarily occupy. Such domicile is a sufficient residence, within the meaning of the constitution (article 6, section 16, paragraph 3, Civil Code, § 6540), which provides that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed, to authorize the bringing of an equitable action in the county thus declared to be the domicile of such transient person.

(*a*) If, in an equitable action, substantial relief is prayed against a defendant whose domicile is thus fixed for the purpose of suit, and jurisdiction is acquired as to him by suit and service within the county of such domicile, another necessary party may be made to the action, although he resides in a different county in the State.

2. A plea to the jurisdiction was filed in an equitable action, and the jury found against it. A motion for a new trial was made on several grounds, which was overruled. The trial proceeded to verdict against the same parties on the merits. The defendants moved for a new trial. They

then filed a bill of exceptions pendente lite, assigning error on the over-ruling of the motion for a new trial based on the finding on the question of jurisdiction, and also complaining of what occurred pending the trial of that issue, as to which party carried the burden of proof. *Held,* that it was not proper practice to assign error upon the overruling of the motion and also upon an additional ground which should have been included in it, if relied on. This court will not pass upon the ruling as to the burden of proof, thus sought to be attacked.

3. On the merits of the case, the evidence was sufficient to authorize a finding in favor of the plaintiff, in accordance with the rulings made when the case was formerly before this court.

4. The plaintiff having sought, as sole heir, to recover an estate from the administrators, and to enjoin them from selling the real estate of the intestate, and having conceded in her pleadings that her right as sole heir was subject to the payment of debts, and some, if not all, of the debts having been paid under a consent order by a receiver appointed by the court, and the jury having found that the debts had been paid, but having added that the plaintiff should recover of the administrators the personal property of the intestate or the proceeds thereof, after the payment of the necessary costs and expenses of administration and any debts which might thereafter appear to be due by the decedent or her estate, there was no error in providing in the decree for an advertisement to ascertain if any such debts existed and in keeping open the decree for such further direction as might be necessary for a final accounting and winding up of the estate.

                    NOVEMBER 14, 1914.

Equitable petition. Before Judge Jones. Hall superior court. August 30, 1913.

Mrs. Daisy Puckett Wilson filed a petition against the administrators of Mrs. M. F. Puckett, seeking to obtain an injunction to restrain a sale of the land of the intestate by them, a decree declaring that she was entitled to all of the assets of such estate, with the same right of inheritance as if she were the sole heir in blood or as if she had been legally adopted as the child of the decedent, the appointment of a receiver, and other relief. She based her claim upon an alleged parol obligation by the decedent to adopt her while a minor, followed by a virtual, though not a statutory, adoption acted upon as an adoption by all parties concerned for many years and during the obligor's life. On the interlocutory hearing the court granted the injunction and appointed a receiver. This judgment was affirmed, with direction as to the receivership. *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773).

The defendants filed a plea to the jurisdiction of the superior court of Hall county, alleging that one of them had resided for many years in Hart county, and that the other had resided in Ala-

bama until about four months before the bringing of the suit, when he had removed to Hart county, so that neither of them had ever been a resident of Hall county. The jury found against the plea to the jurisdiction. · The defendants made a motion for a new trial as to that finding, which was overruled. The case proceeded to trial, resulting in a verdict and decree in favor of the plaintiff. The defendants made a motion for a new trial, and also filed a bill of exceptions pendente lite, assigning error upon a ruling of the presiding judge, made on the trial of the plea to the jurisdiction, as to which party bore the burden of proof on that plea; upon the overruling of the motion for a new trial based upon the finding of the jury on that plea; and upon a portion of the final decree entered after the trial of the merits of the case. The motion for a new trial, made after the final verdict on the merits, was overruled; and the defendants excepted and assigned error thereon, and also upon the bill of exceptions filed pendente lite.

The verdict found, that the plaintiff was entitled to all the rights of a legally adopted child of the intestate, and was her sole heir at law and sole distributee of the estate; that the title to the real estate was in her, and she should recover possession thereof; that the debts of the intestate and against her estate had been paid by the receiver, and no necessity existed for the sale of the real estate; and that the defendants should be enjoined from making sale thereof. It concluded thus: "That plaintiff upon final accounting recover from defendants, as administrators aforesaid, the personal property or proceeds thereof of deceased, after the necessary costs and expenses of administration are paid, and all debts which should hereafter appear to be just and due against said deceased, or her estate, should any such appear." The decree concluded with the following paragraph: "That said administrators as aforesaid have possession of any part of the personal property of the estate of said deceased, not already disposed of by the temporary receiver of said estate and paid on the debts of the said deceased or the said estate by agreement between parties, according to the order passed on the remittitur from the Supreme Court, and that said defendants proceed to administer the same as may be ordered or decreed by this court; that this decree stand open for the purpose of completing the administration of said estate and for final accounting by said defendants as administrators aforesaid; that if after advertising for

debts against said deceased or said estate, after the expiration of twelve months after the granting of letters of administration and the qualification of the administrators, the administrators make it appear to this court that there are valid debts outstanding against decedent or her estate, which make it necessary to sell the real estate of decedent or any part thereof, or pay out any of the assets in their hands, they may apply to this court, on ten days notice to plaintiff or her counsel, for any order granting permission for such purpose or purposes. It is further ordered and decreed, that, after the expiration of twelve months from their qualification and grant of letters, said defendants as administrators render to this court an account of the costs and expenses of administration, in order that this court may pass upon and allow the same and tax the costs of this case; and it is further ordered that this case stand open on the docket, and that this court stand open as to this case for any further orders or decrees for the purpose of a final accounting, or which may be necessary to a complete adjudication of all issues between the parties, not already adjudicated, and a final dissipation [disposition?] of the same consistent with this decree." Error was assigned upon the closing paragraph of the decree, on the ground that it was not authorized by the evidence or the verdict, and was contrary to law, and that the court could not take jurisdiction of the administration of the estate. Other necessary facts will appear from the opinion.

*J. H. Skelton* and *H. H. Dean,* for plaintiffs in error.

*W. A. Charters* and *H. H. Perry,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The constitution of this State, article 6, section 16, paragraph 3, declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540. By the Civil Code (1910), § 2182, it is declared that "Transient persons whose business or pleasure causes a frequent change of residence, and having no family permanently residing at one place in this State, shall be held and deemed, as to third persons, to be domiciled at such place as they at the time temporarily occupy." A "floater" is not exempt from suit merely because he floats. Jurisdiction must exist somewhere, and the legislature can assign to one whose business or pleasure causes a frequent change of residence, and who has no family permanently

residing at one place in this State, but is himself within its limits, a residence, for the purpose of suit, at the place where he may temporarily be. This is a sufficient residence, within the meaning of the constitution, to authorize the bringing of an equitable action in the county where he may be. If so, it would be anomalous to hold that, if substantial equitable relief is prayed against him, the equitable action might be brought in that county, but the plaintiff could not obtain complete equitable relief in regard to the same cause of action by making other necessary parties to such suit. In the present case there was evidence that one of the defendants had formerly lived in Alabama, but was a transient person, having no permanent home, and was staying in Hall county when the suit was brought; and that, in answer to an inquiry, he stated that he was then at home in Gainesville, in that county, and was as much at home there as at any other place, he being an unmarried man who traveled about from place to place. To use his own language, as detailed by a witness, he said that "he was at home wherever he had his hat on," and also : "I usually live in the hotels where I am; and as long as I have money to pay my hotel bills, I am at home in the hotel where I live." While there was conflicting evidence on the subject of jurisdiction, there was sufficient evidence to authorize the charge of the court on the subject, which was in substantial accord with the code section above quoted; and the jury were authorized to find that this defendant, who was one of the administrators, was then domiciled in Hall county, and resided there, within the meaning of the constitutional provision on that subject, so as to authorize an equitable proceeding to be instituted in that county against him and the other administrator, who resided in Hart county.

The ruling here made is not in conflict with that in *White* v. *North Georgia Electric Co.*, 139 *Ga.* 587 (77 S. E. 789). In that case an equitable action was brought against three defendants, two of whom were alleged to be residents of the county of the venue, and the third a resident of another county of this State. The last-named defendant pleaded to the jurisdiction. From the record on file it appears that this plea was submitted to the court on an agreed statement of facts, which showed, that the principal defendant was a non-resident of the State, being a citizen of New York; that he acknowledged service; that the other defendants did

not reside in the county where the suit was brought, but in other counties named; and that they had acknowledged service. Thus the jurisdiction was sought to be maintained by filing an equitable petition in a county in which none of the defendants resided and by obtaining acknowledgments of service from the defendants. This is a different proposition from establishing the residence of one who moves about from place to place, and who is at the time domiciled in a county in this State, as provided by the statute.

2. After the verdict finding against the plea to the jurisdiction, a motion for a new trial was made as to that issue, on several grounds. This was overruled. A verdict was rendered against the defendants on the merits, and they moved for a new trial. The defendants then filed a bill of exceptions pendente lite, assigning error upon the overruling of the motion, based on the finding on the plea to the jurisdiction, and also upon a ruling made by the court, pending the trial of that issue, as to which party carried the burden of proof. In some jurisdictions a motion for a new trial is treated as a discretionary appeal to the trial court, and exception is not taken to the overruling of the motion, but to rulings made pending the trial. In this State error can be assigned on the ruling of the trial court upon the motion for a new trial, or in a proper case there may be a direct exception. But this does not authorize a mixed practice of excepting to the overruling of the motion for a new trial and also of assigning error, in a bill of exceptions pendente lite, upon rulings made pending the trial which might and should have been included in the motion, if relied on. Some rulings do not form proper grounds of a motion for a new trial (of which a ruling on a demurrer to pleadings may be taken as an example); and as to these there may be direct assignments of error in addition to the exception to the overruling of the motion. But there are other rulings made pending the trial which enter into and may affect the verdict, such as rulings on the admission or rejection of evidence, charges of the court, rulings as to the burden of proof, and the like. If a motion for a new trial is made, such rulings would furnish, if erroneous, additional reasons for granting a new trial, and they should be included in the motion, if relied on. It is not proper to allow a party to move for a new trial on certain existing grounds known to him, fail to obtain it, except to the ruling on the motion, and then seek to

add force to it by setting up, in a bill of exceptions pendente lite, additional grounds which ought to have been included in it but were not.  *Shipp* v. *Story,* 68 *Ga.* 47 (2) ; *Wright* v. *Georgia Railroad &c. Co.,* 34 *Ga.* 330, 335; *Clay* v. *Smith,* 108 *Ga.* 189 (33 S. E. 963) ; *Hill* v. *State,* 112 *Ga.* 32 (37 S. E. 441) ; *Phœnix Ins. Co.* v. *Schwartz,* 115 *Ga.* 113 (2), 116 (41 S. E. 240, 57 L. R. A. 752, 90 Am. St. R. 98) ; *Carrington* v. *Brooks,* 121 *Ga.* 250, 251 (48 S. E. 970) ; *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44) ; and see, in this connection, as indicating that in other jurisdictions those contentions which ought to be included in a motion for a new trial, if relied upon, must be so included, and that the ruling as to which party has the right to open and conclude is of that character, 29 Cyc. 736, 756.

3.  On the merits of the case, the evidence authorized the verdict in favor of the plaintiff, and there was no error in overruling the motion for a new trial, which contained only the general grounds that the verdict was contrary to law and evidence, and without evidence to support it.

4.  Considering the previous history of the case, the fact that a receiver had been appointed, the recital of a consent order upon the return of the remittitur from this court (139 *Ga.* 654, supra), and of the finding that the debts had been paid in accordance with such order, and of the injunction preventing the administrators from disposing of the estate, there was no error in including in the final decree, following the clause in the verdict on that subject, a provision for winding up the administration, allowing the administrators to advertise for debts, and to bring to the attention of the court any debts so ascertained or any necessity for selling the real estate, and directing that the case stand open for any further order or decree for the purpose of a final accounting and a final disposition of the property, consistent with the decree.  By an amendment to the petition the plaintiff offered to do equity, and to allow any debt which might exist to be paid before the estate should be delivered to her.  Apparently, the debts had been paid by the receiver which the court had appointed.  There was no necessity for remanding the case to the court of ordinary to wind up the administration. Having jurisdiction of the matter, the court could deal with it fully. The provision added to the decree was rather for the complete protection of creditors and the administrators than injurious to the

latter. At any rate, it furnishes no ground for reversal for the reasons assigned in the attack upon it.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*