FAIRCHILDS *v.* HARTSFIELD, administrator.

LUMPKIN, J. 1. The evidence in this case did not bring it within the ruling in *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773), but rather within that in *Cooper* v. *Claxton*, 122 *Ga.* 596 (50 S. E. 399); and there was no error in granting a nonsuit.

2. While error was assigned upon the exclusion from evidence of the testimony of the plaintiff as to the payment of certain taxes on land which was held by the intestate of the defendant, and while perhaps this testimony might have been admissible as against an objection on the ground that the witness was incompetent, under the decisions in *Chamblee* v. *Pirkle*, 101 *Ga.* 790 (29 S. E. 20), and *Cato* v. *Hunt*, 112 *Ga.* 139 (37 S. E. 183), yet the brief of evidence contained in the bill of exceptions shows that testimony of the plaintiff on the subject of the payment of taxes was admitted; and the assignments of error on that subject do not furnish cause for a reversal. Had the evidence been admitted, it should not have changed the result.

(a) The plaintiff was not a competent witness to testify, against the defendant administrator, that he had worked for certain persons and had received nothing for his services, having been sent to work for them by the intestate (to whom he claimed to have been given by his mother when a child). This involved a transaction between the plaintiff and the deceased.

> *Judgment affirmed. All the Justices concur.*
> DECEMBER 15, 1915.

Equitable petition. Before Judge Thomas. Decatur superior court. November 10, 1914.

*W. V. Custer* and *W. O. Fleming,* for plaintiff.
*Harrell & Wilson,* for defendant.