PAIR *et al. v.* PAIR.

Where an illegitimate child is received, when an infant, by the putative father into his home under a contract with the mother to adopt the child and make him an heir at law, and where the father recognizes the

child as his son until and after the child's majority, and the child fully performs all the duties of a son to the father, but the contract does not amount to a legal adoption, and no steps are taken by the child in his lifetime to have the contract specifically enforced, his heirs at law (he having predeceased the father) can not maintain a petition in equity to have the contract specifically performed and to recover the estate of the father, consisting wholly of personalty. The right of action as for a breach of contract or the specific performance of it, if any, on the death of such adopted child, vests in and passes to his personal representative, and not to his heirs at law.

No. 662. MARCH 12, 1918.

Equitable petition. Before Judge Hardeman. Cobb superior court. September 18, 1917.

*Mozley & Gann, E. H. Clay,* and *George D. Anderson,* for plaintiffs in error. *John H. Boston* and *D. W. Blair,* contra.

GEORGE, J. William Pair, of Cobb county, survived his wife and died on July 16, 1915. He had no children born to him in lawful wedlock. J. W. Pair was legally adopted in the superior court of Cobb county, in November, 1895, and survived him. After the death of William Pair, William Henry Pair was appointed temporary administrator of his estate; and as such he instituted an action against J. W. Pair, to recover the possession of certain personalty and certain described notes due to William Pair, deceased. This action is still pending. J. W. Pair was thereafter appointed permanent administrator of the estate of William Pair, but an appeal by William Henry Pair was taken from this judgment of the court of ordinary; and this appeal is still pending. J. W. Pair then filed his petition in equity, reciting the foregoing facts, and alleging that William Henry Pair and his brothers, naming them, were mere intermeddlers and interlopers and without any right or interest in the estate of William Pair, deceased; that there were no debts owing by the estate of William Pair; that he was the sole heir at law of the deceased, and was entitled to his estate, and to injunction against any interference therewith by William Henry Pair and his brothers. The petition contained appropriate prayers. To the petition, William Henry, Sam A., and Irwin Pair answered, and by way of cross-petition alleged: J. C. Pair was the father of the defendants, and the defendants are his "only children and sole heirs at law." J. C. Pair died a short time before the death of William Pair. William Pair was the father of J. C. Pair, but William Pair and the mother of J. C. Pair were never married. William Pair and the mother

of J. C. Pair, sometime after the Civil War, entered into a parol contract whereby the mother relinquished unto William Pair her parental rights and control over J. C. Pair, then an infant, William Pair assuming all obligations for his support and education, and agreeing to adopt him as his son and heir, and that "he should inherit any property he might have as his heir." The parol agreement and obligation "was accompanied by a virtual, though not a statutory, adoption, and acted upon by said William Pair and the mother of J. C. Pair and J. C. Pair himself, and all parties concerned." J. C. Pair, in pursuance of the agreement, was taken into the home of William Pair, treated as a son, supported and educated by him; and J. C. Pair in turn performed "the relations to William Pair as a son." This agreement and this relation were recognized by William Pair until the death of J. C. Pair. Gifts were bestowed upon J. C. Pair, and in a deed conveying to him certain land he was referred to as the son of the donor, William Pair. The defendants were at all times, both before and after the death of J. C. Pair, recognized by William Pair as his grandsons and heirs at law, and benefits and gifts were bestowed upon them by him. The defendants claimed the whole of the estate of William Pair, or at least one half thereof, as "heirs at law" of William Pair; and they prayed that it be declared that J. C. Pair was the adopted child of William Pair and that defendants are "his heirs at law and entitled to inherit as such," and "entitled to inherit the entire estate of William Pair, deceased, unless it should be determined" that J. W. Pair is the adopted son of said deceased, in which event the prayer was for "an undivided half interest in said estate." To this cross-petition J. W. Pair demurred upon the grounds that the allegations thereof did not show that J. C. Pair would have been an heir at law of William Pair had he survived him, nor that defendants were heirs at law of William Pair, and that all the averments were "insufficient to show any right in said defendants to make any recovery from the estate of said deceased, William Pair, or to show any interest of said defendants in the said estate of said deceased," and that defendants could not maintain the action and were not entitled to the relief sought. The demurrer was sustained, and subsequently evidence in support of the cross-bill was rejected, counsel for defendants conceding that they did not claim that J. C. Pair was a legitimate child of William

Pair or that he had been legally adopted by him. The evidence disclosed, without dispute, that J. W. Pair was legally adopted by the deceased, and that there were no other heirs at law of the deceased, and no debts owing by his estate. A verdict was directed for the plaintiff.

The whole inquiry relates to the ruling on the demurrer to the cross-petition of the defendants. Illegitimates "have no inheritable blood, except that given them by express law." Civil Code, § 3029; *Hicks* v. *Smith,* 94 *Ga.* 809 (22 S. E. 153). An illegitimate son does not inherit from the putative father in this State. *Johnstone* v. *Taliaferro,* 107 *Ga.* 6, 16 (32 S. E. 931, 45 L. R. A. 95). It is neither alleged nor insisted that William Pair legitimated J. C. Pair under section 3012 or section 3013 of the Civil Code. The only right, legal or equitable, possessed by J. C. Pair in his lifetime to claim any interest in the estate, or any part thereof, of William Pair depends upon and grows out of the alleged parol contract to adopt him and make him his heir. The courts of this State, under certain circumstances, have enforced parol contracts of adoption; and it may now be considered as settled that equity will decree an adoption and its resultant rights in cases where no statutory adoption exists, and where to do otherwise would result in irreparable injury. *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773); *Crawford* v. *Wilson,* 142 *Ga.* 734 (83 S. E. 667); *Fairchilds* v. *Hartsfield,* 144 *Ga.* 348 (87 S. E. 285); *Heery* v. *Heery,* 144 *Ga.* 467 (2a), 468 (87 S. E. 472); *Lansdell* v. *Lansdell,* 144 *Ga.* 571 (87 S. E. 782); *Rahn* v. *Hamilton,* 144 *Ga.* 644 (87 S. E. 1061); *Fay* v. *Burton,* 147 *Ga.* 648 (95 S. E. 224). There are some decisions elsewhere to the contrary; but "by the great weight of authority it is established that such agreements are valid and enforceable" (1 C. J. 1376, § 17, and cases cited in note), provided the necessary elements of a valid contract exist. This doctrine is to be in all circumstances cautiously applied. Subject to the rule, sometimes overlooked, that the remedy of specific performance is within the discretion of the court and will not be granted where it is not necessary to secure justice to the child (*Kirkland* v. *Downing,* 106 *Ga.* 530, 32 S. E. 632; 36 Cyc. 548), such an agreement, partially or fully performed by the child, will be specifically enforced in equity if the contract be definite and specific, based upon a sufficient legal consideration, and the proof of it be strong, clear, and satisfactory.

In .at least one case it was ruled that the surrender of an illegitimate child by the mother to its father will furnish no sufficient consideration for the contract. It is said that the surrender of the child is beneficial rather than detrimental to the mother, and inconvenient to the father who receives the child into his family circle. Wallace *v.* Rappleye, 103 Ill. 229. There are other cases to the contrary. See Benge *v.* Hiatt, 82 Ky. 666 (56 Am. R. 912); Doty *v.* Doty, 118 Ky. 204 (80 S. W. 804, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064). The latter cases seem to present the sounder view, and the one in harmony with the general tendency of the decisions in this State, although the precise question has not been decided by this court, and it is unnecessary to do so in the present case. Conceding, but not deciding, the contract between William Pair and the mother of J. C. Pair for the adoption of J. C. Pair to be legal and enforceable, can the contract be enforced and the resultant rights claimed in this case by the sons and heirs at law of J. C. Pair? ~ A mere executory parol agreement to adopt, partially or fully performed by the child, without more, is not a legal adoption. "There can be no legal adoption of a minor child (or adult person) in this State, except as provided in the Civil Code of 1910, §§ 3016 et seq." *Rahn* v. *Hamilton,* supra. The contract is not self-operating; heirship does not grow out of it; the right to take an estate as an heir at law exists only by operation of law. The right of the child grows wholly out of the contract, and the remedy is to specifically enforce the contract to the extent of decreeing to the child such interest in the estate undisposed of by will as he would have taken as a child of the adopting parent, born to him in lawful wedlock; or, if the contract be not one which equity will specifically perform, an action at law for the breach of it, if the contract be otherwise legal, may be maintained. Under our law, the right of action, if any, in either event, upon the death of such adopted child, passes to his personal representative, and not to the heirs at law, where, as in this case, the estate of the adopting parent, so far as is disclosed by the pleadings, consists wholly of personalty. One of the witnesses offered by the defendants to sustain the allegations of their cross-petition was the "widow of J. C. Pair." She had an interest in the estate of her deceased husband. Had the defendants been the sole heirs at law of J. C. Pair they could not maintain this action, it not being

shown in the cross-petition whether J. C. Paid died testate or intestate, whether there was administration upon his estate or necessity for such, nor whether there were creditors of the estate. No special facts or circumstances showing any right in the heirs at law to maintain the action being alleged, the demurrer to the cross-petition was properly sustained. *Liptrot* v. *Holmes,* 1 *Ga.* 381; *Murphy* v. *Pound,* 12 *Ga.* 278; *Morgan* v. *Woods,* 69 *Ga.* 599; *Juhan* v. *Juhan,* 104 *Ga.* 253 (30 S. E. 779); *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705); *Moughon* v. *Masterson,* 140 *Ga.* 699, 704 (79 S. E. 561).

The decision in the case of *Crawford* v. *Wilson,* 139 *Ga.* 654 (supra), seems to have been misunderstood. The first ruling in that case is as follows: "A parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor, undisposed of by the will." In the sixth headnote of that case it is distinctly ruled that the child did not "occupy the legal status of heir or creditor." In *Lansdell* v. *Lansdell,* supra, the decision in the *Crawford* case was considered and it was there said that the facts alleged in the petition in the *Crawford* case "gave to the child such an equitable status and such equitable rights as she could enforce in a court having equitable jurisdiction." All our decisions are to the effect that the contract, whether one to adopt, with the resulting rights of an heir at law, or one to give the child a share in the estate of the adopting parent, is a contract which when performed by the child creates a status which a court of equity, in a proper proceeding brought by proper parties, has power to declare. The proper and necessary party to a suit to enforce the contract in the instant case is the personal representative of J. C. Pair. Whether the heirs at law of J. C. Pair could maintain the cross-petition if it appeared that the estate of William Pair consisted of realty, or realty and personalty, is not decided.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*