## McWilliams, administratrix, *v.* Pair *et al.*

GEORGE, J. The petition (though set out in two counts), construed with respect to the matters pertinent to a decision in this case, alleged in substance the following: The father of an illegitimate son received the son, while an infant, into his home, under a parol agreement with the child's mother that the father should have the sole custody, care, service, and company of the child during his minority; the father promising and agreeing to take the child as his own and to adopt him as such, with all the rights and powers of a son born to him in lawful wedlock. There was full performance of the agreement by the mother, the son, and the father during the minority of the son and during the life of all parties concerned, though no steps were taken by the father to legally adopt the son. The father survived the son, and both the father and the son died intestate. *Held:*

1. The surrender of the illegitimate son by his mother to his father was a sufficient legal consideration for the contract. See *Pair* v. *Pair*, 147 *Ga.* 754, 758 (95 S. E. 295).

2. The son had such an equitable status and such equitable rights in the property of the father, undisposed of by will, as could have been

enforced in a court having equitable jurisdiction. *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773); *Lansdell* v. *Lansdell*, 144 *Ga.* 571 (87 S. E. 782). The action being for specific performance of contract and for the recovery of a designated interest in described property, the fact that the son predeceased the father will not prevent the maintenance of the action by the personal representative of the son. See *Pair* v. *Pair*, supra; cf. *Bell* v. *Elrod*, 150 *Ga.* 709 (105 S. E. 243).

3. Accordingly, the petition was not subject to general demurrer.

*Judgment reversed. All the Justices concur.*

No. 1896. FEBRUARY 19, 1921.

Equitable petition. Before Judge Humphries. Cobb superior court. January 30, 1920.

*Anderson & Roberts, H. B. Moss, Mozley & Gann,* and *Clay & Giles,* for plaintiff. *John H. Boston,* for defendants.