## Allen *v.* Porter, administrator, *et al.*

Atkinson, Justice. The putative father of a bastard prior to the birth acknowledged to the mother his paternity, and arranged for the care of her and the child. After birth of the child in Greene County, Georgia, the father agreed with the mother and her sister, with whom the mother and child were living, that the child should be placed in his custody and parental control and assume his name, on consideration that he should maintain and support the child, and "in due course take the necessary legal steps . . to adopt said child legally," and "that if he ever owned anything he wanted said child to have it." In pursuance of the agreement the child was given the "sirname" of the father and put under his control. The father performed, until he died, the duties of a parent to the child, and received from it childish affection. The child was two years and five months old when the father died while "in the military service in France, serving in the American Expeditionary Force." The father died leaving an estate before fulfilling his promise to adopt the child. An administrator was appointed. On citation for a settlement before the ordinary a different woman, alleging herself to be the wife and sole heir at law of the deceased, procured an order purporting to establish such heirship, entitling her to the entire estate, subject to payment of debts and cost of administration. The sister of the mother, as next friend of the child, brought suit against the administrator, the alleged wife, and the person who had cited the administrator for a settlement, alleging facts as hereinbefore indicated, and praying for specific performance of the contract, to recover a half interest in the estate, and for injunctive relief. *Held:*

(*a*) Properly construing the petition most strongly against the pleader, the allegations are insufficient to allege adoption or virtual adoption of the child; and on application of principles stated in *Bell* v. *Elrod*, 150 *Ga.* 709 (105 S. E. 241), and cit., the petition fails to allege a cause of action for specific performance of the contract, for recovery of an interest in the estate of the deceased reputed father of the child, and for injunctive relief.

(*b*) As applied to the facts of the instant case, this ruling does not conflict with the decisions cited by plaintiff in error, based on different facts, in *Pair* v. *Pair*, 147 *Ga.* 754 (95 S. E. 295) ; *McWilliams* v. *Pair*, 151 *Ga.* 168 (106 S. E. 96) ; *Chamblee* v. *Wayman*, 167 *Ga.* 821 (146 S. E. 851).        *Judgment affirmed. All the Justices concur.*

No. 10511. September 20, 1935.

*Tolnas & Middlebrooks,* for plaintiff.

*John B. Gamble, Cecil R. Hall,* and *R. M. Nicholson,* for defendants.