POTTS *v.* MATHIS, administrator.

Allegations held not sufficient to support a decree for specific performance of a contract to devise the entire estate of one of the parties to the other in consideration of services rendered.

No. 1231. SEPTEMBER 4, 1919.

POTTS *v.* MATHIS.

Action for specific performance. Before Judge Mathews. Houston superior court. October 8, 1918.

*Hall & Grice* and *Charles J. Bloch,* for plaintiff.

*R. N. Holtzclaw* and *Ryals & Anderson,* for defendant.

FISH, C. J. W. J. Potts brought his petition against C. W. Mathis, as administrator of the estate of Mrs. Harriet W. Bass, the material allegations of which are as follows: Josiah Bass died February 3, 1914, leaving as his only heir at law his widow, Mrs. Harriet W. Bass, who has since died leaving no child or descendant of children. Upon the death of Josiah Bass, after the payment of his debts, which were comparatively small, the bulk of his personal property, together with his real estate, passed into the possession of his widow. The plaintiff is a son of a sister of Josiah Bass. The plaintiff, his mother, and her other son worked on the farm of Josiah Bass for many years, for which they made him no charge. The real estate referred to is composed of three tracts of land, containing in all 305 acres, more or less, which are described in detail in the petition, and which, as administrator, C. W. Mathis now claims to own. Josiah Bass was a farmer and merchant. "On or about the first day of January, 1911, said Josiah Bass and petitioner contracted and agreed that if petitioner would work for the said Bass in the future so long as the said Bass should live, as he had in the past, and would treat him in the future as he had in the past, that he, the said Bass, would make a will and leave his entire property to petitioner. That is to say, that if he continued to help him on the farm, and at the store, and continued to aid him in making his collections and looking after his tenants, that as petitioner's remuneration therefor, he, the said Josiah Bass, would make a will and would make petitioner the sole beneficiary thereof, and would will and devise to petitioner his entire estate. Petitioner had been collecting accounts for the said Josiah Bass for the agreed compensation of ten per cent. upon the amount collected, regardless of the amount of the account, or the distance traveled and time expended in enforcing collection. On the faith of this promise and agreement, and in pursuance thereof, your petitioner did continue to work for the said Bass according to his said contract, and assisted him at the store and in his collections as aforesaid, and in looking after his tenants, and complied fully with his contract as aforesaid. No will of the said Josiah Bass has ever been found. He either

died without making said will, or else said will was lost or stolen." The plaintiff alleges that the defendant, as the administrator and legal representative of Mrs. Harriet W. Bass, is contending that she owns the land in dispute, as the sole heir at law of her deceased husband; and that she has no claim to the land except such as was derived from her husband. The plaintiff prays that the administrator be treated as a trustee, and that it be decreed that as such he be compelled to specifically perform the contract between Josiah Bass and the plaintiff, by conveying to the plaintiff the lands described in the petition.

The defendant filed his demurrer, general and special, to the petition. Upon the hearing the trial court passed the following order: "Upon considering the petition and demurrer thereto in the above-stated case, the demurrer is sustained upon all of the grounds thereof. Adequacy of price is a material matter for consideration in determining whether specific performance will be decreed; and on demurrer to the petition for this relief as to a contract alleged to have been made by one since deceased, to will an entire estate to the petitioner, where the demurrer sets up an entire absence of specification in the petition of the value of the estate, or the value and extent of the service alleged to be the supporting consideration of the contract, and where it appears that the petition does not make any such specification, no case is presented authorizing the court to proceed further than to sustain the demurrer and dismiss the petition. It is therefore ordered that the demurrer be sustained on all the grounds thereof and the case be dismissed." To this ruling of the court the plaintiff excepted.

"Specific performance not being a remedy which either party to a contract can demand as a matter of absolute right, it will not in any given case be granted unless strictly equitable and just." *Kirkland* v. *Downing,* 106 *Ga.* 530 (32 S. E. 632), cited and applied in *Pair* v. *Pair,* 147 *Ga.* 754, 757 (95 S. E. 295).

"Mere inadequacy of price . . may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience." Civil Code, § 4637. In order to authorize specific performance of a contract its terms must be clear, distinct, and definite. *Studer* v. *Seyer,* 69 *Ga.* 125. In the absence of allegations in the petition

as to the value of the lands, or of the value and extent of the services alleged as the consideration of the contract, it is impossible for a court to determine whether the services performed constituted an adequate or grossly inadequate price for the estate of the person with whom the alleged contract was made; nor could it be determined, in the absence of such essentials, whether the contract was unfair, or unjust, or against good conscience. From the general nature of the contract sought to be set up in this case, it may be distinguishable, as to inadequacy of price, etc., from contracts made with one who goes into the home of a person who is a near relative, agreeing to nurse and to give to such person personal, affectionate, and considerate attention, such as could not readily be procured elsewhere, and where the value of such services could not be readily computed in money. It follows that the judgment dismissing the petition on demurrer must be affirmed.            *Judgment affirmed. All the Justices concur.*

BECK, P. J. I concur in the judgment in this case, but do not concur in all that is said, because a part of it, at least, is in effect in conflict with the ruling made in the case of *Landrum* v. *Rivers,* 148 *Ga.* 774 (98 S. E. 477). I concur in the judgment, because I am of the opinion that the facts alleged in the instant case can be differentiated from those in the case just referred to.