HUGGINS, administrator, *et al.* v. MERIWEATHER.

ATKINSON, J. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a

contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire* v. *Rainey*, 150 *Ga.* 566 (2) (104 S. E. 414). See also *Potts* v. *Mathis*, 147 *Ga.* 495 (94 S. E. 767), s. c. 149 *Ga.* 367 (100 S. E. 110). In the latter case it was held that allegations "of a contract to devise the entire estate of one of the parties to the other in consideration of services rendered" are "not sufficient to support a decree for specific performance."

2. The instant case is one in which Cora Meriweather, a married woman, instituted an action against William Huggins, individually and as administrator of the estate of Sarah Huggins, deceased, for specific performance of an alleged oral agreement between Cora and Sarah, whereby the latter "before her death . . would make her will in which she would give" to the former described realty in the City of Augusta if the former "would leave her residence and farm in Wilkes County, Georgia, and would come to Augusta . . and live with her and have also John . . her husband come with her and assist Sarah . . in her business affairs, and your petitioner to assist her in her domestic affairs as long as she did live." Full performance of the agreement by the petitioner, and breach thereof by the said Sarah in that the latter "died without making a will in writing," was also alleged; but there was no allegation of the value of the services to be rendered by the plaintiff and her husband, or of the property which she was to receive. *Held:*

(a) Under application of the principles set forth in the preceding division, the court erred in overruling the motion to dismiss, in the nature of a general demurrer, setting up that the petition failed to allege the value of the services to be rendered by the plaintiff to the deceased or the value of the property the plaintiff was to receive, and that there was a failure to set forth a cause of action in law or in equity.

(b) The case differs on its facts from *Hardeman* v. *Ellis*, 162 *Ga.* 664 (13, 14) (135 S. E. 95), involving a contract for adoption of a child, the decision in that case drawing a distinction from the cases of *Potts* v. *Mathis*, and *Shropshire* v. *Rainey*, supra.

(c) The failure to allege the value of the services to be rendered by the plaintiff to the deceased, or the value of the property the plaintiff was to receive, was not raised or decided in the case of *Landrum* v. *Rivers*, 148 *Ga.* 774 (98 S. E. 477), and the decision in that case does not require a different ruling than as above expressed.

3. The error in overruling the motion to dismiss rendered all further proceedings nugatory.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Beck, P. J., who dissent, and Hill, J., absent because of illness.*

No. 9200.   August 9, 1933.

*N. M. Reynolds* and *W. K. Miller,* for plaintiffs in error.

*Nathan Jolles* and *James S. Bussey Jr.,* contra.

BECK, P. J. I am compelled to dissent from the ruling of the majority in this case, and place this dissent upon the ruling in the case of *Landrum* v. *Rivers,* 148 *Ga.* 774 (supra). Chief Justice Russell concurs in this dissent.