WHITEHEAD *et al. v.* DILLARD.

No. 9834.    APRIL 11, 1934.

*James W. Arnold* and *Rupert A. Brown,* for plaintiffs in error.
*Jake B. Joel, Fred A. Gillen,* and *Wolver M. Smith,* contra.

BELL, J.    Wilda Butler Whitehead Dillard brought a suit against
Richard H. Whitehead for specific performance of an alleged oral
agreement to convey to the plaintiff a described tract of land in con-
sideration of services to be rendered by her as a nurse and a house-
keeper.    The petition alleged that the wife of the defendant was
"an invalid, bedridden and helpless," and that the defendant agreed
with petitioner "that if she would come to the home of said Rich-
ard H. Whitehead, nurse his said wife, look after the home, do the
cooking, and do generally the things necessary in and about said
home, that he would at the death of his said wife" convey to peti-
tioner 40 acres of land off the east side of a described tract, as com-
pensation for the plaintiff's services.    It was further alleged that
the plaintiff agreed to render and perform the services required, and
did perform the same from the date of the agreement until the
death of the defendant's wife, which occurred within a few months.
After the death of the defendant's wife he executed certain volun-
tary deeds to members of his family, which were in conflict with
the agreement made with the plaintiff as to the 40 acres in ques-
tion; and the grantees in some of these conveyances were made
parties defendant, with prayers for cancellation.    By an amend-
ment it was alleged that the value of the land was $700, and that
the plaintiff's services were of the value of $600.    There was no
demurrer to the petition, but each defendant who was served filed
an answer denying the material allegations of the petition and es-
pecially denying that the defendant Richard H. Whitehead ever
made any such agreement as was alleged by the plaintiff.

Without objection on the part of counsel, the case was submitted to the jury upon certain questions, which, with the answers thereto, were as follows: (1) "Did Mr. Whitehead agree to deed Mrs. Dillard the 40-acre tract if she would render services to his wife until Mrs. Whitehead died?" Answer: "Yes." (2) "Did Mrs. Dillard perform the services?" Answer: "Yes." (3) "What is the value of her services?" Answer: "$400." (4) "What is the value of the land?" Answer: "$600." (5) "Did Mrs. Dillard accept the rug or art square from Mr. Whitehead in satisfaction or payment for her services?" Answer: "No."

Upon the return of these findings, the defendants filed a motion for a judgment in their favor, upon the following grounds: "(1) The record in said case, the pleadings, and the verdict or findings of the jury show that the plaintiff is not entitled to a decree for specific performance in her favor, because (a) she can be adequately compensated in damages, and (b) because such decree in her favor would be inequitable and unjust. (2) Nor is she entitled to a judgment for damages in lieu of specific performance, for the reason that under said record no case for specific performance has been made. (3) She is not entitled to a judgment for the value of her services under the pleadings filed by her in this suit, it being one for specific performance or damages in lieu thereof." The court denied this motion and entered a decree in favor of the plaintiff, to which ruling the defendants excepted pendente lite. The defendants also filed a motion for a new trial on the general grounds, and on two special grounds complaining of omissions in the charge to the jury. The motion was overruled, and the defendants excepted. Error was also assigned on the exceptions pendente lite.

The jury found that the value of the land was $600, but that the value of the services rendered by the plaintiff was only $400. It is contended that specific performance should have been refused, because of this difference in values, and because it appeared from the record that the plaintiff could be adequately compensated in damages. For each of these reasons, it is insisted that the court erred in refusing to enter a judgment in favor of the defendants. We can not agree with either of these contentions. It is not true in this State that specific performance of a contract for the sale of land will be granted only when the plaintiff can not be adequately compensated by an award of damages. In *Clark* v. *Cagle*,

141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A, 317), it was held that "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." There are other decisions by this court to the same effect. Nor is the remedy of specific performance limited to cases in which the contracts are in writing. In *Bird* v. *Trapnell,* 149 *Ga.* 767 (102 S. E. 131), it was said: "Equity will specifically enforce a parol agreement entered into between two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death in consideration of such services, if the contract be definite and specific, based upon a full or partial performance of consideration in the way of services performed on the one side and a failure or refusal to perform on the other, and the proof of such contract be clear, strong, and satisfactory." Also, in *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852), it was held that "An oral contract by which one of the parties agrees to make a will with a devise of specific property to the other, as compensation for services rendered and to be rendered to the former during his life, is valid and enforceable." It is even provided in the Civil Code (1910), § 4634, that full payment alone, accepted by the vendor, will be sufficient to justify such a decree. The rule might perhaps have been otherwise before the enactment of this statement as a part of the statute law. See *Nowell* v. *Monroe,* 177 *Ga.* 648, 652 (171 S. E. 136). If the plaintiff in the present case fully performed her part of the contract by the rendition of the services required, she is in the position of one who has paid the purchase-money in full; and if the contract is certain and fair, the plaintiff is entitled to the benefit of it, provided it is based upon an adequate consideration and is sufficiently proved. "Some courts have advanced the theory that a court of equity decrees performance of a contract for land, not because of the real nature of the land, but because damages at law, which must be calculated upon the general money value of the land, may not be a complete remedy to the purchaser, to whom the land may have a peculiar and special value." *Clark* v. *Cagle,* supra.

There is no merit in the contention that the consideration was so inadequate as to demand a finding in the defendants' favor. It is true that specific performance is not a remedy which either party may claim as a matter of absolute right, and that mere inadequacy of price, or any other fact showing the contract to be unfair, unjust, or against good conscience, may justify the refusal of this remedy. *Kirkland* v. *Downing,* 106 *Ga.* 530 (30 S. E. 632); *Shropshire* v. *Rainey,* 150 *Ga.* 566 (2) (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483). But a court of equity should not deny a decree of specific performance merely upon the ground of inadequacy of consideration, unless there is such a gross disparity as to shock the moral conscience and to amount in itself to evidence of fraud, the adequacy of consideration being generally a matter to be determined by the parties for themselves. See, in this connection, *Arnold* v. *Trice,* 39 *Ga.* 511; *Shirk* v. *Loftis,* 148 *Ga.* 500 (2) (97 S. E. 66). In the present case there was evidence to show that Richard H. Whitehead was in need of the plaintiff's services, and that the same would be required for an indefinite period, or, in other words, until the death of his wife. It so happened that his wife died within a few months. It was impossible for the time of this event to have been definitely foreseen, and, so far as the parties then knew, it might have become necessary for the plaintiff to render services more valuable than the land. The parties, however, specifically contracted with reference to the uncertain event; and if the plaintiff's testimony be true, it was definitely understood that her part of the contract would be fully performed upon the death of the defendant's wife, regardless of the time. The fairness of a contract is usually to be determined as of its date, and the happening of subsequent events within the reasonable contemplation of the parties does not afford a defense. Cf. *Howe* v. *Watson,* 179 *Mass.* 30 (60 N. E. 415). The petition stated a cause of action for specific performance, and the judge properly construed the findings of the jury as being in the plaintiff's favor. Consequently there was no error in refusing to enter a judgment in favor of the defendants. The statement in 25 R. C. L. 266, § 67, that "the mere performance of services under a parol contract which is within the statute of frauds is not within itself sufficient to take the agreement out of the statute," does not appear to be in strict accord with the decisions of this court, and does not persuade us to a different conclusion in this case.

■ The findings of the jury were supported by the evidence. The plaintiff testified that she worked as a housekeeper and nurse in the defendant's home from about December 19 until the death of the defendant's wife on March 1, a period of about ten weeks, that her services were of the value of thirty-five or forty dollars per week, that these amounts would compare with the salary of a trained nurse, and that she "did more than a trained nurse would do." The evidence authorized the inference that although the plaintiff was not a graduate nurse, she was well experienced in that line of work and also in general housekeeping. Questions of value fall peculiarly within the province of the jury where there is any data in evidence upon which they may legitimately exercise their "own knowledge and ideas." *Baker* v. *Richmond City Mill Works*, 105 *Ga.* 225 (31 S. E. 426). Under the evidence, the jury were authorized to find that the land and the services were of the values of $600 and $400 respectively, as stated by them. In view of these findings, from which the consideration for the land appears not to be unconscionably inadequate, a decision is not required as to whether the comparative value of the services actually performed was material under the particular agreement (*Heery* v. *Heery*, 144 *Ga.* 467 (2), 87 S. E. 472; *Gordon* v. *Spellman*, 148 *Ga.* 394 (4), 96 S. E. 1006; *Shropshire* v. *Rainey*, supra; *Huggins* v. *Meriweather*, supra), and, regardless of what should be the rule in other circumstances, it is unimportant here that the plaintiff was not a relative. Cf. *Potts* v. *Mathis*, 149 *Ga.* 367, 370 (100 S. E. 110). It is insisted that the plaintiff's evidence failed to show a definite agreement as to the time when the conveyance should be made. The plaintiff testified that Richard H. Whitehead told her that he did not have any money, but that if she would come and nurse his wife until she died, he would give the plaintiff 40 acres of land. It was a fair inference from this evidence that a deed would be executed upon the completion of the plaintiff's part of the contract, or at least within a reasonable time thereafter.

The petition at first alleged that the land to be conveyed consisted of 40 acres off the west side of a described tract; but the petition was amended so as to designate the land as 40 acres off the east side of the same tract. It is insisted that the plaintiff's testimony did not show that any particular tract of 40 acres was ever agreed upon, and that her evidence did not sufficiently identify the

subject-matter in accordance with her petition. It is true that in one part of her testimony the plaintiff stated that the land to be conveyed consisted of 40 acres off the "west side," as alleged in the original petition; but on considering other portions of her testimony, the jury could have disregarded this statement as a mere inadvertence, and from the evidence as a whole they were authorized to find in the plaintiff's favor upon every material allegation of the amended petition, including those relating to the land to be conveyed. This court has several times held that "where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." *Suber* v. *Black*, 168 *Ga.* 439, 441 (148 S. E. 81). It can not be said as a matter of law that the evidence failed to measure up to this rule, the credibility of the witnesses and the weight to be given to their testimony being a matter for the jury.

■ In the first special ground of the motion for a new trial, it was contended that the court erred in failing, without request, to charge the jury that "in a suit for specific performance the agreement or contract should be so definite and certain in its terms that neither party thereto can reasonably misunderstand them; that the contract sought to be specifically enforced must be certain and unequivocal in all its essential terms, either within itself or by reference to some other agreement or matter; that the certainty required in such cases must extend to all the particulars essential to the enforcement of the contract; that the contract be certain and definite as to the promise or engagement, as to the parties to whom the conveyance is to be made, as to the description of the subject-matter, as to the consideration of the contract, and as to the time and mode of performance." It appears from the record that the court did instruct the jury that "a parol contract for the purchase of land, of which specific performance is sought, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." Whether or not a charge in the language quoted from the motion for a new trial should have been given on request, it is enough to say that in the absence of such request the charge as delivered was a sufficient instruction upon the matters referred to in the motion.

In the second special ground it is complained that in view of the defendant's plea and evidence that he allowed the plaintiff to live in his home merely as an accommodation, and on her departure delivered to her a rug or art square in settlement of some contention which she then made as to remuneration, the court erred in failing to instruct the jury in the language of the Civil Code of 1910, § 4326, as follows: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed." The plaintiff admitted receiving the rug or art square, but testified that she accepted it as compensation for a garment which she had allowed to be used by the defendant's wife. The fifth question plainly submitted the issue of fact as to whether the plaintiff accepted the rug, or art square, in satisfaction of her claim, and it was not necessary for the court to instruct the jury as to the legal effect of any answer to this question, or to define what is meant by an accord and satisfaction. In *Bell* v. *Hutchings,* 86 *Ga.* 562, 571 (12 S. E. 974), it was said that "It would be useless generally to submit special questions of fact to the jury if the general question on the merits were submitted also at the same time. It is better to allow the jury to find as to special questions of fact without knowledge on their part as to the legal bearing of their findings." See also *Livingston* v. *Taylor,* 132 *Ga.* 1 (5) (63 S. E. 694).

There was no merit in either of the special grounds of the motion for a new trial. There is some suggestion that the decree entered in the plaintiff's favor did not conform to the pleadings or the evidence, but there is no exception upon this ground. "Objections which go to the judgment only, and do not extend to the verdict, can not properly be made grounds of a motion for a new trial. A motion for a new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." *Barber* v. *Barber,* 157 *Ga.* 188 (121 S. E. 317), and cit.; *Robertson* v. *Aycock,* 170 *Ga.* 523 (3) (153 S. E. 213). *Judgment affirmed. All the Justices concur.*