BROGDON, administrator *v.* HOGAN *et al.*

No. 12981. OCTOBER 12, 1939. REHEARING DENIED NOVEMBER 17, 1939.

*Matthews, Owens & Maddox* and *Erwin & Allen* for plaintiff.

*J. H. Paschall, W. E. Mann,* and *W. G. Mann,* for defendants.

GRICE, Justice. The foundation of the cross-action is an alleged oral contract made by the deceased and the defendants, with mutual obligations which were met by defendants, but not performed by the plaintiff's intestate. Specific performance is an equitable remedy furnished in certain cases. When one party to an executory contract performs, and the other fails to perform, the one in default is liable in damages to the other, and ordinarily this is the remedy afforded by our law for the redress of the wrong. In certain instances, however, equity will decree specific performance of an oral agreement respecting land. When one agrees with an-

other, in consideration of a promise by the one to perform certain services to the other, that the latter will convey or devise to him certain real property, and the one fully performing his part of the contract is met by a refusal of the other to execute his part of the agreement, he may have a choice of three courses, to wit, a suit on a quantum meruit for the value of the services performed by him, a suit for damages for the violation of the contract, or a suit for specific performance. *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438), and cit.

We do not mean to say that in every such case the party aggrieved will be granted, at his option, specific performance. It is not a remedy which can be demanded as a matter of absolute right. *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483). In the character of cases such as the one now under discussion, there are several elements of possible infirmity, if any of which be present, it is fatal to the grant of the relief sought. Mere inadequacy of price may justify a court in refusing to decree specific performance of a contract of bargain and sale. *Shropshire* v. *Rainey,* and *Huggins* v. *Meriweather,* supra. In order to authorize specific performance, the terms of the contract must be clear, distinct, and definite. *Shropshire* v. *Rainey,* supra. The petition must allege the value of the services to be rendered, and the value of the property. *Huggins* v. *Meriweather,* supra. These values must be set forth in order to show that the contract which it is sought to enforce is one not unfair, or unjust, or against good conscience; for if it so be, it is fatal to the grant of the relief sought. *Potts* v. *Mathis,* 149 *Ga.* 367 (100 S. E. 110); *Shropshire* v. *Rainey,* and *Huggins* v. *Meriweather,* supra. The contract must be precise in its terms. *Studer* v. *Seyer,* 69 *Ga.* 125, 126. There must be a sufficient specification of the items of service, or else the petition is demurrable. *Lansdell* v. *Lansdell,* 144 *Ga.* 571 (87 S. E. 782). The petition in the instant case did not with precision give the terms of the contract, or its date. The value of the services was not alleged, or that of the property sought to be recovered. The services to be performed were alleged in the most general way, not any more particularly than in *Potts* v. *Mathis,* and in *Lansdell* v. *Lansdell,* which this court said were insufficiently shown. These defects were pointed out by appropriate demurrers. The mere

fact that the intestate was an uncle of one of the defendants is not enough to bring the case within the exception referred to by Mr. Chief Justice Fish in his opinion in the *Potts* case, supra. Indeed, in that case the petition alleged that Potts was a nephew of Bass, the person with whom he made the contract. In so far as the petition in the instant case discloses the character of the services contracted for, it called for only such services to him as a stranger might have rendered. The petition did not set forth any agreement to nurse and to give "personal, affectionate, and considerate attention such as could not be readily procured elsewhere."

Applying to the record before us the principle repeatedly announced by this court in its former rulings, the cross-petition seeking specific performance should have been dismissed. What followed the refusal to dismiss was nugatory, and the assignment of error relating to the refusal to grant a new trial need not be considered. *Judgment reversed. All the Justices concur.*