JOHNS *v.* NIX.

JENKINS, Justice. In the instant suit against an administratrix and heir for specific performance of an alleged parol gift, or agreement by the decedent to transfer title of a house and lot to the plaintiff in consideration of services to be rendered to the decedent during his life, it was held in a former decision by this court, reversing the overruling of a general demurrer to the petition, that neither any gift nor any contract of purchase and sale was sufficiently alleged. *Johns* v. *Nix,* 194 *Ga.* 152 (20 S. E. 2d, 758). Before the remittitur was made the judgment of the trial court, the plaintiff filed an amendment amplifying the allegations as to an executory contract of purchase and sale, after which the trial court overruled a new general and special demurrer and the renewed original demurrer to the petition as amended, and held that under the amendment a cause of action for specific performance, based on a parol contract of purchase and sale, was sufficiently stated. *Held:*

1. An objection to any misjoinder of causes of action or duplicity is a matter for appropriate special demurrer to be filed at the first term. *Central of Ga. Ry. Co.* v. *Motz,* 130 *Ga.* 414 (2), 419 (61 S. E. 1), and cit.; *Shingler* v. *Shingler,* 184 *Ga.* 671, 672 (192 S. E. 824), and cit.; *Thomasson* v. *Hudson,* 185 *Ga.* 753 (2), 755 (196 S. E. 462); *American Fidelity & Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658 (2) (191 S. E. 191), and cit.; Code, §§ 81-1001, 81-1002. Accordingly, even though under the Code, § 81-1312, "an amendment to a petition . . which materially changes the cause of action . . opens the petition as amended to demurrer" (*Tingle* v. *Maddox,* 186 *Ga.* 757 (2), 198 S. E. 722, and cit.), yet where the question of misjoinder relates to the original petition, the mere filing of an amendment thereto "in other respects will not authorize the filing of . . a demurrer at the trial term," seeking to raise that question. *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (2), 347 (170 S. E. 493); *Quillian* v. *Johnson,* 122 *Ga.* 49 (3), 54 (49 S. E. 801); *Maryland Casualty Co.* v. *Dobson,* 57 *Ga. App.* 594, 596 (196 S. E. 300), and cit.

2. Since, under the law of the case as determined by the former decision of this court, no case was alleged to support any contention with respect to a valid gift, and since the amendment sought only to amplify the alleged contract of purchase and sale, the only possible basis for specific

performance was the alleged contract, made nine years before the decedent's death, that the plaintiff would permit the alleged promisor, now deceased, to use the home of the plaintiff and her husband, and would perform for the decedent certain services during his lifetime; that on this consideration the different house and lot in question "was to belong to plaintiff in fee-simple" at his death; and that the plaintiff fully performed her obligations under this agreement. As to a contract, the petition as amended was good against the general demurrers, in sufficiently alleging the date, the terms, a valuable consideration with mutual obligations, the time of agreed performance by the decedent, and a performance by the plaintiff; and the judge properly so held. The fact that it was not specifically alleged whether title was to be transferred by will or by deed, and the fact that the contract, as to a will, might have involved an unperformed testamentary disposition of property, would not render the petition, for either reason, subject to general demurrer. Either method of transferring title, if performed, would have sufficed. See, in this connection, *Hogan* v. *Brogdon*, 194 *Ga.* 474, 476 (22 S. E. 2d, 54); *Brogdon* v. *Hogan*, 191 *Ga.* 647, 654 (13 S. E. 2d, 666); Id., 189 *Ga.* 244, 249 (5 S. E. 2d, 657); *Cowart* v. *Green*, 194 *Ga.* 62 (20 S. E. 2d, 577), and cit.; *Murphy* v. *Davis*, 122 *Ga.* 306 (50 S. E. 99); *Heery* v. *Heery*, 144 *Ga.* 467 (2, a) (87 S. E. 472); *Banks* v. *Howard*, 117 *Ga.* 94, 96 (43 S. E. 438); *Rivers* v. *Landrum*, 145 *Ga.* 103, 105 (88 S. E. 576); *Maddox* v. *Rowe*, 23 *Ga.* 431, 434 (68 Am. D. 535).

3. Under the equitable principle codified in § 37-805, "mere inadequacy of price . . may justify a court in refusing to decree a specific performance, so also any other fact showing the contract to be unfair, or unjust, or against good conscience." Accordingly, a petition based on a contract between persons of no family relationship, to convey or devise properly identified but unvalued and undescribed land as to its character, condition, or rental value, in consideration of ordinary personal services, is bad against general demurrer, if it fails to allege the value of such services and the value of the land, or specific data from which such relative values can be determined. In *Shropshire* v. *Rainey*, 150 *Ga.* 566-568 (104 S. E. 414), the only grounds on which the question of adequate consideration was raised and decided were that "said petition is insufficient in law, and that no legal verdict can be based thereon," and that "the allegations contained therein are vague, uncertain, and indefinite, [and] same are unsufficient in law to place defendants on notice as to the contentions of the pleader, or upon which to base a verdict, judgment, or decree." To like effect, see *Potts* v. *Mathis*, 149 *Ga.* 367, 369 (100 S. E. 110); *Brogdon* v. *Hogan*, 189 *Ga.* 249, 194 *Ga.* 481 (supra). Under this rule, the present petition as amended, although otherwise sufficient against general demurrer, was subject to the general grounds that it stated no cause of action and contained no equity, and that the amendment did not show facts sufficient to entitle plaintiff to relief. For this reason alone, it was error to overrule the general demurrer to the petition. See, in this connection, *Investors Finance Co.* v. *Hill*, 194 *Ga.* 236, 241, 242 (21 S. E. 2d, 220), and cit. Decisions holding that such averments of value are unnecessary fall under one or more of the principles recognized as exceptions to the well settled gen-

eral rule, such as cases involving virtual adoption or contracts between near relatives, where one goes into the home of the other, agreeing to nurse and give the other "personal, affectionate, and considerate attention, such as could not readily be procured elsewhere, and where the value of such services could not be readily computed in money." *Potts* v. *Mathis*, 149 *Ga.* 370 (supra); *Brogdon* v. *Hogan*, 189 *Ga.* 250 (supra); *Hankinson* v. *Hankinson*, 168 *Ga.* 156, 158, 163 (147 S. E. 106); *Rieves* v. *Smith*, 184 *Ga.* 657, 659 (192 S. E. 372, 112 A. L. R. 368), and cit.; *Hardeman* v. *Ellis*, 162 *Ga.* 664 (13), 695 (135 S. E. 195).

*Judgment reversed. All the Justices concur.*

No. 14539. June 10, 1943. Rehearing denied July 9, 1943.

*W. S. Northcutt,* for plaintiff in error.

*J. C. Bowden* and *A. G. Smith,* contra.