### COLEMAN v. WOODLAND HILLS COMPANY et al.

DUCKWORTH, Justice. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire* v. *Rainey*, 150 *Ga.* 566 (2) (104 S. E. 414); *Huggins* v. *Meriweather*, 177 *Ga.* 461 (170 S. E. 483); *Whitehead* v. *Dillard*, 178 *Ga.* 714, 717 (174 S. E. 244); *Brogdon* v. *Hogan*, 189 *Ga.* 244, 249 (5 S. E. 2d, 657); *Johns* v. *Nix*, 196 *Ga.* 417 (26 S. E. 2d, 526).

2. Applying the above-stated principles of law to the facts of the present case where the plaintiff, as transferee of an alleged contract of purchase of a described lot of land for a named consideration, sought specific performance and alleged that the purchase-price had been fully paid, but the petition failed to show the value of the lot so as to enable the court to determine that the contract was fair, just, and not against good conscience, no right to the relief sought was set forth. The court did not err in sustaining the general demurrers of the defendants.

*Judgment affirmed. All the Justices concur, except Bell, C. J., who dissents.*

No. 14613. SEPTEMBER 11, 1943. REHEARING DENIED OCTOBER 8, 1943.

*H. A. Etheridge,* for plaintiff.
*Richard T. Nesbitt,* for defendants.