JENKINS *v.* EVANS.

· No. 15887.   JULY 10, 1947.

*Herbert W. Wilson,* for plaintiff.

*Wilson, Bennett, Pedrick & Bennett,* and *John W. Bennett,* for defendant.

CANDLER, Justice.  (After stating the foregoing facts.)  The forum in which the plaintiff elected to test the righteousness of her complaint was one exercising equitable jurisdiction.  Her prayer was for specific performance of a parol contract respecting land— a purely equitable remedy.  She chose to invite the court to pass upon her equitable, rather than upon her strictly legal, rights in

the premises. In the brief for the plaintiff in error it is urged that the allegations of the amended petition are sufficient to state a cause of action for the specific performance of an oral contract for the sale of land, where the full purchase-price had been paid to and accepted by the vendor. Cited in support of this position are: Code, § 37-802; *Murphy* v. *Davis,* 122 *Ga.* 306 (50 S. E. 99); *Coffey* v. *Cobb,* 140 *Ga.* 661 (79 S. E. 568); *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852); *Ellis* v. *Reagan,* 172 *Ga.* 181 (157 S. E. 478); *Whitehead* v. *Dillard,* 178 *Ga.* 714 (174 S. E. 244). We have, of course, carefully examined the cited authorities, and upon application of the principle therein announced to the allegations of the case at bar, we are not prepared to say that the petition as amended stated a cause of action for the relief sought. Assuming, but not holding, that the allegations of the petition were sufficient to show a contract for bargain and sale of land, we think that the petition was defective for lack of necessary averments to show that the contract was fair or just, or that in good conscience it should be performed. Specific performance not being a remedy which either party to the contract can demand as a matter of absolute right, it will not in any given case be granted, unless strictly equitable and just. *Kirkland* v. *Downing,* 106 *Ga.* 530 (32 S. E. 632); *Pair* v. *Pair,* 147 *Ga.* 754, 757 (95 S. E. 295); *Potts* v. *Mathis,* 149 Ga. 367 (100 S. E. 110); *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483); *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226). "Mere inadequacy of price . . may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience." Code, § 37-805; *Johns* v. *Nix,* 196 *Ga.* 417 (3) (26 S. E. 2d, 526). The petition in the instant case did not give with precision the terms of the contract, or its date. In order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. *Studer* v. *Seyer,* 69 *Ga.* 125; *Shropshire* v. *Rainey,* supra. The extent and value of the services rendered were not alleged, or the value of the lands involved. These values must be set forth in order to show that the contract which is sought to be enforced is one not unfair or unjust, or against good conscience. *Potts* v. *Mathis,* supra; *Brogdon* v. *Hogan,* 189 *Ga.* 244,

249 (5 S. E. 2d, 657). These defects were pointed out by appropriate demurrers which were sustained. Applying to the record before us the principle repeatedly announced by this court in its former rulings, the petition seeking specific performance here did not state a cause of action for that relief, and accordingly it was not error to sustain the grounds of general demurrer and to dismiss the plaintiff's action.

*Judgment affirmed.  All the Justices concur.*