BULLARD *v.* BULLARD, administratrix; *et vice versa.*

JENKINS, Chief Justice. 1. "A contract upon which specific performance is sought must be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it." *Studer* v. *Seyer,* 69 *Ga.* 125, 126. Moreover, since specific performance is an altogether equitable remedy, and not one which can be demanded, merely by virtue of a proven agreement, as a matter of absolute right, it must be made to further appear that the contract is equitable and just, and a court will be justified in refusing a decree of performance should inadequacy of price appear, or any other fact showing the contract to be unfair, or unjust, or against good conscience. Code, § 37-805; *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226). Thus, if the alleged contract sued on be based on an oral agreement to convey or devise land in consideration of the performance of ordinary personal services, the petition must not only show that the contract is precise in its terms, but must also allege the value of such services and the value of the land or specific data from which such relative values can be determined. *Johns* v. *Nix,* 196 *Ga.* 417, 418 (26 S. E. 2d, 526), and cit. Exceptions to the general rule as to the necessity for averments as to the value of services may exist in cases involving virtual adoption or contracts between near relatives, where one goes into the home of the other agreeing to nurse and give the other personal, affectionate, and considerate attention, such as could not readily be procured elsewhere, and where the value of such services could not be readily computed in money. *Potts* v. *Mathis,* 149 *Ga.* 370 (100 S. E. 110); *Brogdon* v. *Hogan,* 189 *Ga.* 250

(5 S. E. 2d, 657) ; *Hankinson* v. *Hankinson,* 168 *Ga.* 156, 158 (147 S. E. 106).

2. The instant petition for specific performance is based on an alleged oral agreement, between an uncle and his nephew, to make a will and devise certain realty to the petitioner in consideration of personal services to be rendered the decedent during his life, a portion of which was set forth as being of a personal and intimate nature. The petition is attacked on general demurrer, and it is urged that sufficient facts are not alleged to show a contract; that the terms of the oral agreement are not sufficiently clear to authorize a decree of performance; . and further that the allegations of the petition with respect to the value of the alleged services rendered were not sufficient to make it appear that the contract is equitable and just. The allegations of the petition as amended, insofar as they relate to the questions here presented, are set forth fully in the statement of facts, to which reference is made.

(a) The petition was good as against general demurrer, in that the date of the alleged contract sued on and the period for its performance are alleged; its terms are sufficiently clear, in that a valuable and adequate consideration with expressed mutual obligations is set forth, showing the relative values of the expressed and described services to be performed by the plaintiff and the expressed and described compensation to be received therefor. Actual performance by the plaintiff of the alleged contract and nonperformance by the deceased were also alleged.

3. Under the above rulings, the trial court erred in sustaining general demurrers and dismissing the petition as amended.

4. Since the trial court sustained the defendant's general demurrer and dismissed the petition as amended, a subsequent order sustaining certain demurrers to parts of the defendant's answer cannot be reviewed by this court on a cross-bill of exceptions filed by the defendant. This is true for the reason that the defendant's answer was filed subject to his general demurrer testing the sufficiency of the petition; and since the demurrers were sustained and the petition was dismissed, there were no longer any pleadings left in the case and all subsequent proceedings were necessarily nugatory. See *Crawford* v. *Carter,* 146 *Ga.* 526 (91 S. E. 780).

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

Nos. 15958, 15963. OCTOBER 17, 1947.

*A. H. Gray,* for plaintiff.  *Miller & Miller,* for defendant.