OGLETREE *et al v.* INGRAM & LEGRAND LUMBER CO.

CANDLER, Justice. 1. A court of equity will decree specific performance of a contract for the sale of land which is in writing, is certain and fair, for an adequate consideration, and capable of being performed. *Mangum* v. *Jones,* 205 *Ga.* 661 (54 S. E. 2d, 603); *Finney* v. *Blalock,* 206 *Ga.* 655 (58 S. E. 2d, 429).

2. But "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Studer* v. *Seyer,* 69 *Ga.* 125, 126; *Kirkland* v. *Downing,* 106 *Ga.* 530 (32 S. E. 632); *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483); *Johns* v. *Nix,* 196 *Ga.* 417 (3) (26 S. E. 2d, 526); *Jenkins* v. *Evans,* 202 *Ga.* 423 (43 S. E. 2d, 501); *Bullard* v. *Bullard,* 202 *Ga.* 769 (44 S. E. 2d, 770); Code, § 37-805.

3. Assuming, but not holding, that the allegations of the petition in the instant case were sufficient to show a contract of bargain and sale, it was, nevertheless, otherwise fatally defective as an application for specific performance for lack of necessary averments to show that the contract was fair, or just, or one which in good conscience should be performed; and this is true for the reason that the petition does not allege the value of the land involved or facts from which the same may be ascertained. *Coleman* v. *Woodland Hills Co.,* supra; *Higdon* v. *Dixon,* 203 *Ga.* 67 (45 S. E. 2d, 423).

4. For want of necessary and indispensable allegations as to adequacy of consideration, the petition in the instant case failed to state a cause of action for specific performance—the only relief sought. Consequently, the court should have sustained the defendants' general demurrer raising that question and dismissed the plaintiff's petition; it was error not to do so.

*Judgment reversed. All the Justices concur.*

No. 17199. OCTOBER 11, 1950.

*Ernest C. Britton,* for plaintiffs in error.
*R. S. Wimberly,* contra.