SAVANNAH BANK & TRUST CO., executor, *v.* HANLEY *et al;*
*et vice versa.*

Nos. 17416, 17426. Argued March 12, 1951—Decided April 9, 1951—Rehearing denied May 16, 1951.

36

*Gazan, Walsh & Bernstein,* for plaintiff in error.

*Joseph Scott* and *John M. Brennan,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) To the petition as amended, the defendant demurred on the ground that the petition and the amendments thereto did not set forth any cause of action against the defendant.

"Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire* v. *Rainey,* 150 *Ga.* 566 (2) (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (1) (170 S. E. 483); *Whitehead* v. *Dillard,* 178 *Ga.* 714, 717 (174 S. E. 244); *Brogdon* v. *Hogan,* 189 *Ga.* 244, 249 (5 S. E. 2d, 657); *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (1) (27 S. E. 2d, 226); *Holliday* v. *Pope,* 205 *Ga.* 301 (1) (53 S. E. 2d, 350).

A controlling question is whether the present alleged contract is void as against public policy because it is based upon an illegal consideration, namely an agreement by the mother to surrender her rights in the child for the promise of a legacy by Mrs. Comer.

In. *Savannah Bank & Trust Co.* v. *Wolff*, 191 *Ga.* 111 (1) (11 S. E. 2d, 766), this court held that, "Where the mother of an infant girl, . . agrees to surrender and does actually surrender the child, . . to a third person for the purpose of having the child adopted by him, . . and said third person in turn agrees to adopt, care for, and rear the child and leave to her one half of his estate by will, a contract arises mutually binding and enforceable on both sides." See, in this connection, 57 Am. Jur. 173, § 195; 68 C. J. 571, § 189; annotations in 15 A.L.R., p. 223; and 142 A.L.R., p. 84. The contract in the *Wolff* case differs from the one now before the court, in that there the agreement was to leave the property to the adopted child, whereas the agreement here in question was to leave it to the mother and a brother and sisters of the adopted child.

This court has not found any case, nor have counsel for either side cited one, which, like the present contract, involves an agreement to leave the property to a mother in consideration of her allowing the foster parent to adopt her minor child.

So much of the present contract as provided that the mother agreed to surrender possession of the child in consideration of a legacy that was to be made to her and a brother and sisters of the adopted child, was void as being against public policy. This is true for the reason that to hold otherwise would open the door to the unlimited barter of children. The fact that it was alleged that the adopted child in the case under review received great benefits does not require a different ruling.

Another question for determination is whether other allegations of the petition, in reference to services that were alleged to have been rendered to Mrs. Comer, or to her mother, were sufficient to set forth a cause of action for specific performance of the parol contract to make a will.

The allegations of a petition, when attacked by demurrer, are to be construed most strongly against the pleader. A demurrer admits only such facts as are well pleaded, and not the legal conclusions drawn therefrom by the pleader. *Lee* v. *City of Atlanta*, 197 *Ga.* 518, 520 (29 S. E. 2d, 774), and cases cited. The petition in the present case did not with precision give the terms of the contract or its date, and the services to be performed were alleged in a loose and most general way, without averring

facts upon which conclusions were based. Under the allegations of the petition, the parol contract was entered into some time during the five-month interval that occurred between November 13, 1928 (the date of the letter stating that the mother objected to the adoption of her daughter), and April 13, 1929 (the date on which the decree of adoption was rendered). The mother of Mrs. Comer died in 1924, so any services rendered to her would have been some four years before the alleged contract was entered into. It is alleged that on many occasions Mrs. Comer expressed the desire to leave her entire estate to the petitioners, but no date is given, and it is not alleged where such statements were made. This court in *Russell* v. *Switzer*, 63 *Ga.* 711, 725 (quoted in *Lansdell* v. *Lansdell*, 144 *Ga.* 571, 572, 87 S. E. 782; *Shropshire* v. *Rainey*, 150 *Ga.* 566, 569, 104 S. E. 414; *Salmon* v. *McCrary*, 197 *Ga.* 281, 286, 29 S. E. 2d, 58), after citing cases from other jurisdictions, said: "None of these cases, however, are in point on the present discussion, further than they bear upon the requisites of general law concerning the fact of contract and the fulness and certainty of the evidence by which it is sought to be established. They inculcate a wholesome caution against building up imaginary contracts out of the expression of generous intentions towards persons who, having rendered service, prefer claims for compensation after those whom they served have been removed by death. And the caution is doubly necessary where the claim presented is not merely for just compensation on the basis of a quantum meruit, or to some specific article or articles of property, but goes to the entire estate, real and personal, which the decedent left behind him."

It was alleged that the petitioners agreed to make their home her home when desired, but nowhere is it averred that the petitioners ever lived in Mrs. Comer's home or that she lived in their home or on what dates or for how long a time this alleged relationship existed. A comparison of the facts alleged in the present case with those averred in *Bullard* v. *Bullard*, 202 *Ga.* 769 (1) (44 S. E. 2d, 770), *Holliday* v. *Pope*, 205 *Ga.* 301 (1a) (supra), and similar cases, will show that the facts here alleged fall far short of bringing the present case within the exception, that the value of services does not have to be set forth

where one goes into the home of a near relative agreeing to nurse and give the other personal, affectionate, and considerate attention such as could not be readily procured elsewhere, and where the value of such services could not be readily computed in money.

The present petition as amended, when stripped of its legal conclusions, sets forth no allegations of fact to authorize the grant of specific performance of the alleged parol contract to devise the entire estate of Mrs. Comer, and the trial court erred in overruling the defendant's general grounds of demurrer.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*