ALEXANDER *v.* AMERICAN LEGION POST No. 28 OF CHAMBLEE, *et al.*

CANDLER, Justice. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Studer* v. *Seyer,* 69 *Ga.* 125, 126; *Kirkland* v. *Downing,* 106 *Ga.* 530 (32 S. E. 632); *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414); *Huggins* v. *Meriweather,* 177 *Ga.* 461 (170 S. E. 483); *Johns* v. *Nix,* 196 *Ga.* 417 (3) (26 S. E. 2d, 526); *Jenkins* v. *Evans,* 202 *Ga.* 423 (43 S. E. 2d, 501); *Bullard* v. *Bullard,* 202 *Ga.* 769 (44 S. E. 2d, 770); *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 207 *Ga.* 333 (61 S. E. 2d, 480); Code, § 37-805.

2. Assuming, but not holding, that the allegations of the petition as amended in the instant case were sufficient to show a lease with an

option to purchase property, it was, nevertheless, otherwise fatally defective as an application for specific performance, for lack of necessary averments to show that the contract was fair, or just, or one which in good conscience should be performed; and this is true for the reason that the petition as amended does not allege the value of the property involved or facts from which the same may be ascertained. *Ogletree* v. *Ingram & LeGrand Lumber Co.*, supra; *Coleman* v. *Woodland Hills Co.*, supra; *Higdon* v. *Dixon,* 203 *Ga.* 67 (45 S. E. 2d, 423).

3. Where, as in the present case, there is a lack of necessary and indispensable allegations as to adequacy of consideration, the petition as amended failed to state a cause of action for specific performance of an option to sell property—the only relief sought; and the court should have sustained the defendants' general demurrer raising that question and should have dismissed the petition as amended. *Ogletree* v. *Ingram & LeGrand Lumber Co.*, supra. It was error not to do so.

4. In view of the above ruling on the general demurrer, it is unnecessary to pass upon the special demurrers.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17891. SUBMITTED JUNE 10, 1952—DECIDED JULY 14, 1952—REHEARING DENIED JULY 28, 1952.

*Carl T. Hudgins,* for plaintiff in error.

*Pickett, Pickett & Pickett, J. E. B. Stewart* and *Robert K. Browne,* contra.